**Date signed March 14, 2005**



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| **In Re:** | * | **Case No.   04-33853DK** |
| **Yvonne Thompson-Mendez,** | * | **Chapter   7** |
| | * | |
| **Debtor.** | * | |
| ************************************ | * | |
| **Yvonne Thompson-Mendez,** | * | |
| | * | |
| | * | |
| **Movant,** | * | |
| **v.** | * | |
| **St. Charles at Olde Court Partnership,** | * | |
| **LLC and Bristol Credit, Inc. and Alan** | * | |
| **Seidel** | * | |
| **Respondents.** | * | |

## MEMORANDUM OPINION

This matter came before the Court upon Debtor's Emergency Motion to Enforce the Automatic

Stay. Debtor filed a Chapter 7 bankruptcy petition on October 20, 2004. During Debtor's bankruptcy

case, St. Charles at Olde Court, by and through its agent, Bristol Credit, Inc. (hereinafter and collectively

"Creditor"), filed an action for ejectment in the District Court of Maryland for Baltimore County without filing a motion for relief from stay with this Court. Subsequently, Debtor filed a Motion to Enforce the Automatic Stay based on Creditor's institution of the ejectment action.

The issue presented to the Court is whether a creditor is required to obtain relief from stay before instituting an ejectment action based solely on a debtor's post-petition rent default occurring after the lease has been deemed rejected pursuant to 11 U.S.C. §365(d)(1). For the following reasons, the Court holds that a "deemed rejected" lease is not abandoned. A debtor's interest in the unperformed agreement remains property of the debtor's bankruptcy estate. Consequently, a creditor must obtain relief from stay from the bankruptcy court before pursuing an action in the state court to recover possession of the property.

## I.  Background

On October 20, 2004, Debtor filed a Chapter 7 bankruptcy petition. At the time of filing, Debtor was the tenant under an unexpired residential lease for an apartment with St. Charles at Olde Court. As of the petition date, Debtor was in default under the lease for her failure to make pre-petition rent payments. Debtor's Schedule F lists St. Charles at Olde Court as holding an unsecured, non-priority claim in the amount of $870.00. Schedule F further states that Debtor will continue to make rent payments; however, it is uncontested that Debtor failed to make any rent payments subsequent to filing her bankruptcy petition.[1]

---

[1] At the hearing held on January 28, 2005, the following colloquy took place:

| | |
|---|---|
| THE COURT: | There is an assertion that the Debtor did not pay rent not only before the bankruptcy case was filed, but since the bankruptcy case was filed. Is that correct? |
| DEBTOR: | Yes, sir. |

On January 18, 2005, Debtor filed an Emergency Motion to Enforce the Automatic Stay (the "Emergency Motion") alleging that Creditor violated the automatic stay by instituting ejectment proceedings in the District Court of Maryland on December 23, 2004.[2]  The District Court actions were based solely upon Debtor's failure to pay post-petition rent.  Creditor did not file a motion for relief from stay with this Court prior to commencing the District Court actions.  Nevertheless, the District Court of Maryland for Baltimore County entered Orders awarding possession of the property to Creditor and judgment for post-petition rents due and unpaid.

Upon consideration of Debtor's Emergency Motion, this Court entered a Show Cause Order as to why the respondents should not be found to have willfully and intentionally violated the automatic stay imposed by 11 U.S.C. § 362(a). Creditor filed a Response to Debtor's Emergency Motion on January 20, 2005.  In its Response, Creditor argued that the Chapter 7 Trustee did not assume or reject Debtor's lease within sixty-days after the order for relief; hence, Debtor's residential lease was deemed rejected. Additionally, relying on *In re Knight*, 8 B.R. 925 (Bankr. D. Md. 1981), Creditor asserted that rejection of the unexpired lease constituted abandonment and as such, the lease was no longer property of Debtor's estate.   Creditor averred that because the lease was no longer property of the estate, the automatic stay was inapplicable to the ejectment action.   A hearing was held on this matter on  January 28, 2005.

---

Tr. of 1/28/05 Hr'g p. 7:21-24.

[2]Creditor actually instituted two actions in the District Court of Maryland for Baltimore County on December 23, 2004.  One action sought possession of the property and one action sought a judgment for post-petition rents due and unpaid.  This Court is not addressing the action to obtain judgment for Debtor's post-petition failure to pay rent as the money judgment for post-petition rent is not a violation of the automatic stay.  See 11 U.S.C. §362(a)(1)-(8).

Subsequently, on February 1, 2005, this Court entered an Interim Order Determining Debtor's Motion to Enforce Stay and Granting Interim Relief as to the Automatic Stay with this Opinion to follow.

## II. Discussion

It is a fundamental principle of bankruptcy law that upon filing a bankruptcy petition, an automatic stay is created. 11 U.S.C. §362(a). The automatic stay serves as an injunction and protects the debtor, debtor's property and property of the estate from certain creditor actions. A court may grant relief from the automatic stay upon a creditor's motion that sets forth sufficient cause for lifting the stay. *See* 11 U.S.C. §362(d). In the instant case, Creditor did not seek a court order granting relief from stay. Rather, Creditor presumed the automatic stay had terminated based upon sections 365(c)(1) and 365(d)(1) of the Bankruptcy Code and the holding of *In re Knight*, 8 B.R. 925 (Bankr. D. Md. 1981).

Section 365(d)(1) states, in relevant part, "if the trustee does not assume or reject an executory contract or unexpired lease of [debtor's] residential real property [. . .] within 60 days after the order for relief [. . .] then such contract or lease is deemed rejected." 11 U.S.C. §365(d)(1). Here, the Debtor filed for Chapter 7 bankruptcy on October 20, 2004. As of December 19, 2004, sixty-days after Debtor's petition was filed, the Trustee failed to assume or reject Debtor's residential lease and, pursuant to section 365(d)(1), the lease was "deemed rejected." It was after the sixty-day time period that Creditor filed its actions in the District Court of Maryland seeking possession of the property and judgment for post-petition rent.

Section 362(c)(1) states, in pertinent part, that the "stay of an action against property of the estate [. . .] continues until such property is no longer property of the estate." 11 U.S.C. §362(c)(1). Creditor presumed that upon rejection of the lease, the estate's interest in the lease was abandoned. In presuming

-4-

that the lease had been abandoned, Creditor also relied on the holding of *In re Knight*, 8 B.R. 925 (Bankr. D. Md. 1981). In the case of *In re Knight*, the Bankruptcy Court held that the "deemed rejected" language within §365(d)(1) equated to, or constituted, abandonment of property of the estate. *Id*. at 929. The facts of *In re Knight, supra,* are as follows. On April 24, 1980, Knight, the debtor, entered into a residential lease agreement for an apartment. *Id*. at 927. Although the lease agreement required monthly rental payments, Knight failed to fulfill any rent obligations prior to her Chapter 7 bankruptcy filing on July 15, 1980. *Id*. Knight also failed to make any post-petition rent payments, with the exception of a single payment in September, 1980. *Id*.

The Chapter 7 Trustee failed to assume or reject Knight's residential lease within sixty-days of the order for relief. *Id* at 928. On September 15, 1980, more than sixty-days after Knight filed for Chapter 7, Knight's landlord filed a complaint in state court seeking overdue rent payments and eviction. *Id*. Knight filed a Petition for Stay in the state court proceedings and the landlord subsequently filed a Motion to Modify the Automatic Stay in the Bankruptcy Court. *Id*.

In considering the landlord's Motion to Modify the Automatic Stay, the Bankruptcy Court held that claims for pre-petition arrears remained subject to the automatic stay. *Id*. However, the Court also held the landlord was not required to file a motion for relief from stay to proceed with the ejectment and /or post-petition default actions. *Id*. at 928. In reaching this conclusion, the Court stated as follows:

> [T]he trustee's rejection of a residential lease constitutes an abandonment of the estate's interest in the lease to the Debtor. As a result, the lease is no longer property of the estate, and the stay imposed by §362(a)(3) [. . .] is no longer applicable. Thus, following the abandonment, a residential landlord may enforce his rights under the lease with respect to post-petition defaults without the necessity of seeking relief from stay in the Bankruptcy Court. *Id*. at 929.

This Court finds the holding of *In re Knight, supra,* to be in error. The holding is founded on an

unsupported legal conclusion.   The Bankruptcy Code does not provide that rejection of an executory contract or unexpired lease constitutes abandonment. *See* 11 U.S.C. §365(d).  In fact, Creditor's counsel admitted to the lack of statutory authority during the January 28, 2005 hearing on Debtor's Emergency Motion.[3]

Moreover, in 11 U.S.C. §365(g)(1), the Bankruptcy Code states that rejection of a debtor's unperformed agreement "constitutes a breach of such contract or lease [. . .] immediately before the date of filing of the petition." In other words, even though a contract has been "deemed rejected," the contract is not extinguished or abandoned; rather, the rejection is treated as a pre-petition breach.  *In re Lavigne*,

---

[3]Attorney for Creditor, Susan Campbell, did not contest the lack of statutory language to support her proposition that failure to assume or reject equates to abandonment under the Bankruptcy Code. The following colloquy took place at the January 28, 2005 hearing:

| | |
|---|---|
| THE COURT: | Does it, in your [Ms. Campbell] opinion, state expressly in the [Bankruptcy] Code [. . .] that upon such rejection [under §365(d)(1)], there is a termination of the automatic stay or some other event that prevents the automatic stay from applying? |
| MS. CAMPBELL: | The automatic stay, Your Honor, applies to the property of the estate.  When the lease is rejected, it is no longer property of the estate. |
| THE COURT: | Now, what is your statutory basis [for the statement] that when the lease is rejected it is no longer property of the estate? |
| MS. CAMPBELL: | Your Honor, I don't believe that [I] can find that specific language in the [Bankruptcy] Code. |
| THE COURT: | I agree. |

Tr. of 1/28/05 Hr'g p. 10-11:18-24-6.

-6-

114 F.3d 379, 386-87 (2nd Cir. 1997). Rejection "frees the estate from the obligation to perform; it does not make the contract disappear." *Id*. at 387(*citing In re The Drexel Burnham Lambert Group*, 138 B.R. 687, 703 (Bankr. S.D.N.Y. 1992)). Because rejection is treated as a pre-petition breach of contract, the breach gives rise to remedies for the non-debtor party. *Id*. at 387.

A similar holding was reached in the case of *In re Henderson*, 245 B.R. 449 (Bankr. S.D.N.Y. 2000). In *Henderson*, the Bankruptcy Court held that rejection of an unexpired lease does not constitute abandonment. 245 B.R. at 453. In *Henderson*, the debtor filed for Chapter 7 bankruptcy in May, 1999. *Id*. The debtor was leasing a residential apartment and was in default with rent payments at the time she filed for bankruptcy. *Id*. at 451. By late August, sixty-days after the order for relief, the Chapter 7 Trustee had failed to assume or reject the debtor's lease. *Id*. The landlord filed a Motion for Relief from Stay to evict the debtor from the apartment. *Id*.

Although the Bankruptcy Court ultimately granted the landlord's Motion for Relief from Stay, it made several important holdings. First, the Court distinguished abandonment of property from rejection. *Id*. at 454. The Court reiterated three processes whereby property of the estate is considered abandoned. *Id*. Those three processes are as follows: i) the trustee can serve a notice of abandonment or obtain an order for abandonment; ii) a party in interest can compel the trustee to abandon the lease; or, iii) the trustee can abandon though inaction and the closing of the case. *Id*. at 454. In *Henderson*, the trustee did not proceed with any of the above-referenced modes of abandonment. *Id*.

The Court noted that because the lease was not assumed within sixty-days after the order for relief, it was deemed rejected pursuant to 11 U.S.C. §365(d). *Id*. However, the Court explained that the "deemed rejected" lease remained property of the estate until the bankruptcy case was officially closed,

unless the Court ordered otherwise. *Id* at 454. Furthermore, in a footnote, the Court stated "the automatic stay protects the lease until it is no longer property of the estate, and without regard to whether the discharge was issued." *Id*. Because the lease remained estate property, the Court held the "landlord must [. . .]obtain relief from stay to terminate the lease and obtain control of the premises." *Id*.

This Court finds the holding of *In re Henderson*, *supra*, to be correctly reasoned and more persuasive. In the instant case, the Trustee did not perform any affirmative modes of abandonment. *Id*. at 453-454. The docket reveals that the Trustee never filed a notice of abandonment nor did the Trustee seek an order of abandonment from this Court. Further, a motion to compel the Trustee to abandon the lease was never filed. *Id*. at 454. Finally, Debtor's case was not closed; consequently, the lease was not deemed to be abandoned by inaction under 11 U.S.C. §554(c). *Id*. In conclusion, no abandonment occurred.

There is no dispute that the unexpired lease was deemed rejected by the Trustee's inaction pursuant to 11 U.S.C. §365(d)(1). According to 11 U.S.C. §365(g), the rejection of Debtor's unexpired lease constitutes a pre-petition breach of the lease agreement leaving Creditor with potential remedies under applicable state law. The statutory breach of contract simply put the estate in the position of a breaching party to the executory contract. Rejection under the Bankruptcy Code did not divest the estate from the breaching party's rights under the terms of the contract and applicable state law.

For example, if a contractor partially performs a construction contract and is owed money for its partial performance at the time of filing a petition in bankruptcy, the contractor's rights under the contract would become property of the bankruptcy estate. If the contract is subsequently rejected, such rejection would constitute a breach by the debtor as of the date of the petition. The non-breaching party would then

be entitled to damages resulting from the breach, but the bankruptcy estate would be entitled to payment for work performed, at least to the extent such amounts exceeded the damages.

In this case, because Debtor's interest in the lease was not deemed abandoned simply by rejection of the lease agreement, an action to recover possession of the premises was stayed pursuant to 11 U.S.C. §362(a). The stay continues until terminated by statute under 11 U.S.C. §362(c), or by Court Order upon Creditor's motion under 11 U.S.C. §362(d). Neither of these events has occurred. Accordingly, by filing the ejectment action, Creditor violated the automatic stay in seeking to obtain possession of property of the estate without a Court Order granting relief from stay. *See* 11 U.S.C. §362(a)(3).

Pursuant to section 365(h), a debtor who is "injured by any willful violation of a stay [. . .] shall recover actual damages, including costs and attorney fees[.]" 11 U.S.C. §365(h). Moreover, "a violation is considered willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay." *In re Bennett*, 317 B.R. 313, 316 (Bankr. D. Md. 2004) (*citing In re Edwards*, 214 B.R. 613, 620 (9th Cir. BAP 1997)). Actions taken in violation of the stay are considered void. *Id.*; *see also In re Lampkin*, 116 B.R. 450, 451-52 (Bankr. D. Md. 1990).

Although Creditor violated the automatic stay by filing an action for ejectment without seeking relief from stay, this Court finds that Creditor's violation was not intentional. Creditor relied on the uncontradicted precedent of *In re Knight, supra*. While this Court does not agree, or follow, the holding of *In re Knight, supra*, Creditor was acting in good faith. Moreover, there is no evidence that Debtor has been damaged by Creditor's action. Debtor has remained in possession of the apartment without paying rent. Under these facts, equity demands that no amount be awarded to Debtor.

**III.    Conclusion**

In conclusion, this Court finds that the holding of *In re Knight*, *supra*, which equates rejection of an unperformed agreement with abandonment, is in error. Rather, this Court holds that an executory contract or unexpired lease that is rejected under 11 U.S.C. §365(d)(1) is breached, but is not abandoned. Hence, the debtor's interest in the lease remains property of the estate. Accordingly, a creditor must file a motion for relief from stay with the Bankruptcy Court, in conformity with section 362 of the Bankruptcy Code, before proceeding with an ejectment action, unless abandonment has occurred under 11 U.S.C. §554 or the automatic stay is terminated under 11 U.S.C. §362(c).

By prior Interim Order entered on February 1, 2005, this Court annulled the stay as to the Orders entered by the Maryland District Court. As stated in the Interim Order, the stay continues in effect as to the issuance and execution of writs of ejectment until the property is abandoned by the Trustee, the case is dismissed or closed, or an order granting further relief from stay is entered upon a motion by creditor. For the reasons stated in this Opinion, a final Order will be entered.

**End of Opinion**

Cc:   Debtor
       Trustee
       U.S. Trustee
       Susan B. Campbell, Esq.
       Irving Walker, Esq.
       Alan Seidel, Esq.